ZINDLE ET AL., APPELLANTS, *v.*
SUMMIT COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as Zindle *v.* Summit Cty. Bd. of Revision (1989), 44 Ohio St. 3d 202.]

(No. 88-794—Submitted June 7, 1989—Decided August 9, 1989.)

*Charles W. Zindle,* for appellants.
*Lynn Slaby,* prosecuting attorney, and *Sandra S. Braden,* for appellees.

*Per Curiam.* In *R.R.Z. Associates* v. *Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St. 3d 198, 201, 527 N.E. 2d 874, 877, we summarized the functions of the BTA and this court in property valuation appeals:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus. This court is not a ' "super" Board of Tax Appeals.' *Youngstown Sheet & Tube Co.* v. *Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St. 2d 398, 400, 20 O.O. 3d 349, 351, 422 N.E. 2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus."

We further reiterated the established principle that a taxpayer has the duty to prove his right to a reduction in value. *Id.* at 202, 527 N.E. 2d at 878.

In the present case, the Zindles persuaded the board of revision and the BTA that a reduction was appropriate, and both boards reduced the true value of the property. We defer to the BTA's determination that the Zindles have not presented sufficient evidence to prove that a greater reduction is warranted.

The Zindles also argue that significantly lower valuations in previous years should guide the taxing authorities in valuing their property currently. However, this court, in *Fiddler* v. *Bd. of Tax Appeals* (1942), 140 Ohio St. 34, 37, 23 O.O. 232, 233, 42 N.E. 2d 151, 152, framed the issue as:

"[t]he question, however, is not how much of a lowering in tax valuation has been made, but, rather, what is the true value in money of the property for the year of the assessment."

We determine there is sufficient probative evidence establishing the current true value of the property in accordance with the BTA's valuation.

Accordingly, the BTA's decision is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.