CROW, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE.
(THREE CASES.)

[Cite as Crow *v.* Cuyahoga Cty. Bd. of Revision (1990), 50 Ohio St. 3d 55.]

(Nos. 88-228, 88-450 and 88-516—Submitted March 6, 1990—
Decided April 4, 1990.)

56

*J. Harvey Crow, pro se.*

*John T. Corrigan,* prosecuting attorney, and *William J. Day,* for appellee.

*Per Curiam.* The issue presented in these appeals is the true value of the real estate in question.

Section 2, Article XII of the Ohio Constitution requires that: "Land and improvements thereon shall be taxed by uniform rule according to value * * *."

R.C. 5713.03 provides, insofar as it is pertinent:

"The county auditor, from the best sources of information available, shall determine, as nearly as practicable, the true value of each separate tract * * * of real property * * *. In determining the true value of any tract * * * of real estate under this section, if such tract * * * has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract * * * to be the true value for taxation purposes. However, the sale price in an arm's length transaction between a willing seller and a willing buyer shall not be considered the true value of the property sold if subsequent to the sale:

"(A) The tract * * * of real estate loses value due to some casualty;

"(B) An improvement is added to the property. * * *"

R.C. 5713.01 requires that real estate be appraised at its true value in money.

There was no evidence before the BTA of any recent sale of the real estate in question, or of any casualty suffered, or of any improvements made during 1983, 1984 or 1985.

It has been held by this court that the best method of determining true value of real property, in the absence of an actual sale of such property in an arm's length transaction, is an appraisal based on the amount that such property would bring if sold on the open market. *State, ex rel. Park Investment Co.,* v. *Bd. of Tax Appeals* (1964), 175 Ohio St. 410, 412, 25 O.O. 2d 432, 434, 195 N.E. 2d 908, 910.

In *Cardinal Federal S. & L. Assn.* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 13, 21, 73 O.O. 2d 83, 88, 336 N.E. 2d 433, 438, the court observed:

"* * * Urban real estate, corporately owned, can be assessed solely upon the basis of its *value,* not upon its current use." (Emphasis *sic.*) See, also, *Park Ridge Co.* v. *Franklin Cty. Bd. of Revision* (1987), 29 Ohio St. 3d 12, 29 OBR 231, 504 N.E. 2d 1116, paragraph two of the syllabus.

Paragraphs three and four of the syllabus in *Cardinal Federal S. & L. Assn., supra,* state:

"3. The Board of Tax Appeals is vested with wide discretion in determining the weight to be given to evidence and the credibility of witnesses which come before the board. * * *

"4. The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." (Citations omitted.)

The BTA determined from testimony of the MAI appraiser that the fair market value or the true value of the real estate involved in these appeals was $492,000. This was based upon the appraiser's analysis of comparable sales and inspection of the property together with a review of the change in zoning requirements for the property.

The appellant property owner relied upon his recross-examination of the appraiser and upon his contention that the real estate had not changed since the 1979 valuation and had been designated forest land under R.C. 5713.23.

Appellant had the duty to prove his right to a reduction in value but failed to do so. *R.R.Z. Associates* v. *Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St. 3d 198, 202, 527 N.E. 2d 874, 878.

The BTA found that the market value or true value in money of the subject property has substantially increased in value as of January 1, 1983, that the highest and best use would be in accordance with the changed zoning and that the true value of the property for each of the years 1983, 1984 and 1985 was $492,000.

This court also determined in *R.R.Z. Associates, supra,* at 201, 527 N.E. 2d at 877, that:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn.* v. *Cuyahoga Cty. Bd. of Revision* (1975),

44 Ohio St. 2d 13, 73 O.O. 2d 83, 336 N.E. 2d 433, paragraphs two, three, and four of the syllabus. This court is not a ' "super" Board of Tax Appeals.' *Youngstown Sheet & Tube Co.* v. *Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St. 2d 398, 400, 20 O.O. 3d 349, 351, 422 N.E. 2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc.* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, syllabus."

The decisions of the BTA are based upon reliable, substantial evidence and are reasonable and lawful. The decisions are, therefore, affirmed.

*Decisions affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.