WITT COMPANY, APPELLANT, *v.* HAMILTON COUNTY
BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Witt Co. v. Hamilton Cty. Bd. of
Revision* (1991), 61 Ohio St.3d 155.]

(No. 90–1252—Submitted May 7, 1990—Decided July 17, 1991.)

156

*Stephen Swaim,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, *Thomas J. Scheve* and *Scott C. Kirschman,* for appellees.

ALICE ROBIE RESNICK, J.  The issue presented to this court is whether the BTA erred in failing to consider the appraisal report and testimony of

appellant's expert witness, Kennedy. Appellant asserts that the BTA erred in refusing to accept or consider the testimony of and appraisal performed by Kennedy. In support, appellant argues that Kennedy was unaware of the contingency fee arrangement between his employer and appellant, and that whether his employer obtained an interest in the appeal should not affect his qualifications as an appraiser. Lastly, appellant contends that there is no requirement that an appraiser be "independent."

This court has consistently held that "[t]he BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. * * * " (Citation omitted.) *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877. See, also, *Cardinal Federal S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, at paragraphs three and four of the syllabus; *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 57, 552 N.E.2d 892, 893–894. Moreover, this court "will not overrule BTA findings of fact that are based upon sufficient probative evidence." *R.R.Z. Assoc., supra,* 38 Ohio St.3d at 201, 527 N.E.2d at 877.

Appellant's argument is largely directed at the BTA's refusal to give any reliability and/or credibility to the testimony of and appraisal performed by Kennedy. According to appellant's contention, the BTA erred in finding that Kennedy "cannot be considered an independent fee appraiser" and in holding that "[h]is testimony and opinion of value are not reliable and credible under the instant circumstances." However, as the case law above clearly demonstrates, the BTA has wide discretion to accept all, part or none of the testimony of any appraiser presented to said board. See *R.R.Z. Assoc., supra.* Absent a showing of an abuse of that discretion, the BTA's determination as to the credibility of witnesses and the weight to be given their testimony will not be reversed by this court. See *Cardinal Federal, supra,* at paragraphs three and four of the syllabus.

There has been no showing that the BTA abused its discretion in placing no credibility on Kennedy's testimony and appraisal report. Rather, the record demonstrates that the BTA considered all the evidence placed before it at the hearing. Kennedy testified at length in regard to his valuation processes, and his appraisal report was admitted into evidence. Kennedy was cross-examined extensively in regard to his approach in appraising the subject property. With respect to his cost approach method of appraisal, he was questioned at length as to the depreciation rates he employed. A review of this testimony

indicated that when utilizing the market approach to valuate the subject property, Kennedy relied on five comparable sales. His credibility was brought into question by the following facts elicited on cross-examination: (1) Kennedy did not physically inspect any of these comparable properties, he simply drove by them; (2) some of the comparable buildings were over one hundred years old; (3) the land-to-building ratios of the comparable properties and the subject property did not correlate; and (4) some of the comparable properties were multi-story, as opposed to the subject property which was one story. All these facts bear on the witness' credibility, which is within the sound discretion of the BTA to determine. We hold that the BTA did not abuse this discretion in the instant case.

We reiterate that the BTA "need not adopt any expert's valuation." *R.R.Z. Assoc., supra,* 38 Ohio St.3d at 201, 527 N.E.2d at 877. In the present case, sufficient, probative evidence supports the BTA's adoption of the valuation offered by Carrelli in his appraisal report. See *id.*

We therefore affirm the decision of the BTA.

*Decision affirmed.*

Moyer, C.J., Sweeney, Douglas and H. Brown, JJ., concur.

Holmes and Wright, JJ., dissent.

Holmes, J., dissenting. If the determination of the Board of Tax Appeals ("board") were being reviewed here merely upon the weight of the evidence, I would readily concur with the majority opinion. However, what this court should consider upon review here is the faulty basis upon which the board made its determination. The board, in its decision, indicated that since the appellant had retained its expert on a contingency fee basis, the expert's testimony and appraisal were so biased that they should be totally ignored. The language of the board in this regard is as follows:

"We have carefully reviewed the fee arrangement between PTR and appellant. We must conclude, as urged by the Board of Revision, that Mr. Kennedy's employer, PTR, has obtained an interest in this appeal by virtue of the contract. As such, Mr. Kennedy cannot be considered to be an independent fee appraiser. His testimony and opinion of value are not reliable and credible under the instant circumstances. Accordingly, we hereby find that Mr. Kennedy's testimony and appraisal shall not be considered in determining the fair market and taxable values of the subject property."

Consequently, the only evidence reviewed by the board was that of the expert for the board of revision. This is shown by the board's language in reference to this evidence:

"The only other evidence properly before this Board is the testimony and appraisal of Mr. Carrelli and the statutory transcript provided by the Board of Revision. Mr. Carrelli mostly relied upon the market appraisal approach in arriving at his determination of value. He reviewed his analysis and the comparable properties relied upon during the hearing before this Board. We find that his appraisal is acceptable and uncontroverted."

It is true that appellant's expert appraiser was an employee of an appraisal corporation which was retained upon a contingency fee basis. There is no law in Ohio, either statutory or case law from this court, which would prohibit consideration of evidence from experts who are employed upon a contingency basis. The fact that the employer company operates upon a contingency fee basis does not render the evidence from this appraisal expert any less acceptable.

The weight and credibility to be given each witness here is within the province of the board. However, all the evidence here should have been considered, and the determination by the board should have been made upon the totality of such evidence. In that the determination of the board was made only after disregarding the testimony and appraisal of the appellant's expert, such decision is improper. Therefore, the decision of the board should be reversed and this matter remanded to the board for a new review in accord herewith.

WRIGHT, J., concurs in the foregoing dissenting opinion.