OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

City of Cincinnati, Appellee, v. Hamilton County Board of Revision et al.; Grandin House, Ltd., Appellant; Cincinnati School District Board of Education, Appellee.
[Cite as Cincinnati v. Hamilton Cty. Bd. of Revision (1994),      Ohio St.3d      .]
Taxation -- Real property valuation -- Taxpayer has burden of proving its right to a reduction in value -- Board of Tax Appeals' decision not overruled by court when decision based upon reliable, substantial evidence, and is reasonable and lawful.
(No. 92-2494 -- Submitted July 15, 1993 -- Decided May 18, 1994.)

Appeal from the Board of Tax Appeals, No. 90-X-1356.

This appeal originated with the filing of complaints before the Hamilton County Board of Revision by the city of Cincinnati, the Cincinnati City School District and the property owner, concerning the determination by the Hamilton County Auditor that the true value of the subject real property for 1989 was $3,514,290.

Appellant, Grandin House, Ltd. ("Grandin House"), owns the property, a nine-story building containing approximately seventy-eight one-bedroom, fifty-two two-bedroom and eight three-bedroom apartments renting for $515 to $1,015, and office and commercial space on the first floor, and a one-story commercial building.

Before the board of revision, the city presented the testimony of appraiser E. Pike Levine, and other evidence, to support an estimated true value of $5,600,000. Grandin House presented no evidence. The board of revision determined the true value to be $4,518,000, and the city appealed to the Board of Tax Appeals ("BTA"). The parties waived the presentation of additional evidence and stipulated that the transcript before the board of revision would constitute the record on appeal.

The BTA, upon review, determined the true value of the subject property to be $5,600,000 and Grandin House appealed. The cause is now before the court upon an appeal as of right.

Wayne E. Petkovic, for appellant.

Kohnen, Patton & Hunt and David C. DiMuzio, for appellee Cincinnati School District Board of Education.

Fay D. Dupuis, City Solicitor, and Dorothy Carman, Assisstant City Solicitor, for appellee the city of Cincinnati.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Sheve, Assistant Prosecuting Attorney, for appellee Hamilton County Auditor.

Per Curiam.  The decision of the BTA is affirmed.

In its brief Grandin House argues only that the BTA's decision does not set forth the basis for its determination, in conflict with Babcock & Wilcox v. Stark Cty. Bd. of Revision (1992), 65 Ohio St.3d 290, 603 N.E.2d 981.  We disagree.

The BTA did analyze the evidence and did set forth the reasons for its decision.  The BTA reviewed Levine's evidence and the testimony of the county auditor's appraisers.  The BTA found no explanation of how the board of revision had arrived at its valuation and no evidence to support it, but the BTA did focus on the question of "whether any other party established, by sufficient probative and competent evidence, that the value of the property is other than [that] established by the [board of revision]."

The BTA's analysis continued with the correct observation that in the absence of a recent arm's-length sale, the true value in money of the subject property can be calculated by applying any of the three standard methods of appraisal. Levine compared fifteen recent sales he considered analalogous to the subject property to develope a grid based on price per square foot, price per unit and gross rent multiplier.  He then evaluated the comparables to determine "where on the grid the subject property would fall," and from "these three indicators of value * * * selected a middle figure at $5.5 million [and] added $100,000 for a commercial building which is located on the property."

Moreover, The BTA criticized the county auditor's appraisers because they were "unaware that there were commercial enterprises on the first floor," did not obtain rental information about the separate commercial building, and used an income approach to value that considered only the apartments on the second through ninth floors.

The BTA concluded that where an appellant has produced evidence sufficient to demonstrate that the property's value is different from that determined by the board of revision, "it is incumbent upon the board of revision to rebut" that evidence. The BTA found Levine's evidence "to be the most credible and persuasive," because he "anchored his appraisal with actual marketplace transactions."

Grandin House failed to sustain its burden of proving its right to a reduction in value by competent evidence.   Zindle v. Summit Cty. Bd. of Revision (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651, and  Crow v. Cuyahoga Cty. Bd. of Revision (1990), 50 Ohio St.3d 55, 552 N.E.2d 892.

The decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.