OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Rocco, Appellant, v. Cuyahoga County Board of Revision et al.,
Appellees.
[Cite as Rocco v. Cuyahoga Cty. Bd. of Revision (1994),
Ohio St.3d     .]
Taxation -- Real property valuation -- Board of Tax
     Appeals decision not overruled by court, when -- Taxpayer
     has duty to prove right to a reduction in value.
     (No. 93-1455 -- Submitted September 9, 1994 -- Decided
December 7, 1994.)
     Appeal from the Board of Tax Appeals, No. 92-J-871.
     Appellant, John M. Rocco, dissatisfied with the  Cuyahoga
County Board of Revision's determination of value of property
he owned in Cleveland, appealed to the Board of Tax Appeals
("BTA").
     At the BTA, the parties waived an evidentiary hearing and
stipulated that the statutory transcript would constitute the
record before the BTA.
     The BTA affirmed the board of revision's valuation  of
$38,000 for 1991, and appellant appealed.
     This cause is now before the court upon an appeal as of
right.

     Stanley L. Josselson, for appellant.
     Stephanie Tubbs Jones, Cuyahoga County Prosecuting
Attorney, and Timothy J. Kollin, Assistant Prosecuting
Attorney, for appellees.

     Per Curiam.  We affirm the decision of the BTA.
     The BTA found that the evidence before it included a
conveyance fee statement of March 19, 1990, indicating a
consideration of $38,000 for transfer of the property.   There
was no evidence before the BTA to suggest that the transfer was
other than an arm's-length transaction.
     "The fair market value of property for tax purposes is a
question of fact, the determination of which is primarily
within the province of the taxing authorities, and this court
will not disturb a decision of the Board of Tax Appeals with
respect to such valuation unless it affirmatively appears from

the record that such decision is unreasonable or unlawful." Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph four of the syllabus. See, also, Crow v. Cuyahoga Cty. Bd. of Revision (1988), 50 Ohio St.3d 55, 552 N.E.2d 892.

The BTA, citing Zindle v. Summit Cty. Bd. of Revision (1989), 44 Ohio St. 3d 202, 542 N.E.2d 650, observed that "[t]he burden is upon the party seeking a reduction to prove his right to the reduction in value." Appellant did not sustain his burden. The BTA's decision, being neither unreasonable nor unlawful, is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.