Rocco, Appellant, *v.* Cuyahoga County Board
of Revision et al., Appellees.

[Cite as *Rocco v. Cuyahoga Cty. Bd. of
Revision* (1994), 71 Ohio St.3d 103.]

(No. 93–1455—Submitted September 9, 1994—Decided December 7, 1994.)

*Stanley L. Josselson,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Timothy J. Kollin,* Assistant Prosecuting Attorney, for appellees.

*Per Curiam.* We affirm the decision of the BTA.

The BTA found that the evidence before it included a conveyance fee statement of March 19, 1990, indicating a consideration of $38,000 for transfer of the property. There was no evidence before the BTA to suggest that the transfer was other than an arm's-length transaction.

"The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph four of the syllabus. See, also, *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 552 N.E.2d 892.

The BTA, citing *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 542 N.E.2d 650, observed that "[t]he burden is upon the party seeking a reduction to prove his right to the reduction in value." Appellant did not sustain his burden. The BTA's decision, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.