[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 397.]

NATIONAL CHURCH RESIDENCE, APPELLANT, *v*. LICKING COUNTY BOARD OF
REVISION ET AL., APPELLEES.

[Cite as *Natl. Church Residence v. Licking Cty. Bd. of Revision*,
1995-Ohio-327.]

*Taxation—Real property valuation—Taxpayer has duty to prove the right to a
reduction in value—Board of Tax Appeals has wide discretion in weighing
evidence and credibility of witnesses.*

(No. 94-1625—Submitted March 30, 1995—Decided August 30, 1995.)

APPEAL from the Board of Tax Appeals, No. 92-B-1084.

———————————

{¶ 1} National Church Residence, appellant, owns Chimes Terrace, a sixty-unit apartment complex, in Johnstown, Ohio. For tax year 1991, the appellee Licking County Auditor determined the true value of Chimes Terrace to be $1,995,300. National Church filed a complaint with the appellee Licking County Board of Revision, and the board confirmed the value set by the auditor. National Church appealed this finding to the Board of Tax Appeals ("BTA").

{¶ 2} At the BTA, National Church presented the testimony of an expert appraisal witness. After reviewing the report he prepared concerning this property, the witness testified that the true value for Chimes Terrace, as of January 1, 1991, was $1,200,000.

{¶ 3} The BTA rejected this evidence and found that National Church had not sustained its burden of proving its right to a reduction in value. First, the BTA found that the expense percentages the witness employed in his income approach were not reliable because he had not provided any detailed information on the comparable market expenses. Thus, the BTA rejected this income-approach analysis. The BTA also criticized the witness's market-data approach because he

had not suitably adjusted comparable sales for time of sale, size of comparable, and "quality/appeal" of comparables. In summary, the BTA gave little weight to this rejected market-data information.

{¶ 4} The BTA, finally, found that the true value of the subject property as of January 1, 1991, was $1,995,530[1].

{¶ 5} This cause is now before this court upon an appeal as a matter of right.

_____

*Todd W. Sleggs*, for appellant.

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Pauline E. O'Neill*, Assistant Prosecuting Attorney, for appellees.

_____

**Per Curiam.**

{¶ 6} National Church principally contends that the BTA erred in rejecting its evidence on expenses. We disagree.

{¶ 7} A taxpayer has the duty to prove his right to a reduction in value. *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 203, 542 N.E. 2d 650, 651. Furthermore, the BTA has wide discretion in granting weight to evidence and credibility to witnesses. We will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of this discretion. *Webb Corp. v. Lucas Cty. Bd. of Revision* (1995), 72 Ohio St.3d 36, 647 N.E. 2d 162.

{¶ 8} We hold that the BTA did not abuse its discretion in rejecting the evidence on stabilized expenses or any other evidence presented by National

---

1. In its opinion, the BTA actually wrote that this value was for January 1, 1988. However, we regard this as a typographical error because all other mentions of the valuation date are for January 1, 1991.

Church. We further agree with the BTA that National Church failed to sustain its burden to prove a right to reduction.

{¶ 9} According to the witness, Chimes Terrace's actual expenses had no bearing on the stabilized expenses that the witness employed in his income approach. Thus, the several years of audited income and expense statements attached to the witness's report played no role in determining the value of the property and do not support the stabilized expenses. Moreover, as the BTA determined, the expenses from the comparable properties were not in any way detailed so that the BTA could compare expense items.

{¶ 10} Finally, we do not find any merit in National Church's constitutional arguments. *Trebmal Landerhaven v. Cuyahoga Cty. Bd. of Revision* (1995), 72 Ohio St.3d 31, 33, 647 N.E.2d 159, 160.

{¶ 11} Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent.

———————————

**PFEIFER, J., dissenting.**

{¶ 12} In its decision, the Board of Tax Appeals ("BTA") cites no specific facts to support its conclusion that the board of revision's claimed value of the property is accurate. Instead, the BTA merely asserts that it looked at the statutory record and found it to be accurate. In contrast, the appellant presented factual testimony from an appraiser. The fact that the appraiser's methodology is less than exemplary does not excuse the BTA from not supporting its conclusion with evidence. Because the only facts discussed in the BTA's opinion support the taxpayer's valuation of the property, I would reverse the BTA.

WRIGHT, J., concurs in the foregoing dissenting opinion.