WEBB/HENNE MONTGOMERY LUXURY APARTMENTS, APPELLEE, *v.* HAMILTON COUNTY BOARD OF REVISION, APPELLEE; SYCAMORE COMMUNITY SCHOOL DISTRICT, APPELLANT.

[Cite as *Webb/Henne Montgomery Luxury Apts. v. Hamilton Cty. Bd. of Revision* (1995), 73 Ohio St.3d 739.]

(No. 94–1878—Submitted June 15, 1995—Decided October 11, 1995.)

*Roeller, Roeller & Jameson* and *Kenneth D. Jameson,* for appellee Webb/Henne Montgomery Luxury Apartments.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas J. Scheve,* Assistant Prosecuting Attorney, for appellee Hamilton County Board of Revision.

*Klaine, Wiley, Hoffman & Meurer* and *Franklin A. Klaine, Jr.,* for appellant.

*Per Curiam.* The school district's first proposition of law asserts that the BTA erred in finding that the true value was less than the total of all costs expended by Webb/Henne as of January 1, 1990. The school district cites no cases to support its assertion that total costs expended at a given point in time for a partially completed project represents market value. The BTA rejected the total cost approach, stating that it was "unlikely a developer would have purchased the site for that amount, at that time." The BTA further stated that while costs are useful they must be checked against what the uncompleted project would bring if sold on the open market. An example of a situation where cost would not equal value is where work on a construction project has been performed incorrectly. The cost of performing the erroneous work, while chargeable to the project, would not increase the value of the project. The fair market value of a property reflects what portion of the cost will be recovered in a sale, not necessarily the actual cost of the project. Indeed, the fair market value may exceed actual costs. "In determining the value of property for the purpose of taxation, the tax assessor must take into consideration *all* factors which affect the value of property." (Emphasis *sic.*) *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 18–19, 73 O.O.2d 83, 86, 336 N.E.2d 433, 437. Contrary to a consideration of all factors, the school district would have the BTA blindly accept total cost without regard to other factors. We find the action of the BTA in not basing true value solely on the total cost expended at a given time for a partially completed construction project was reasonable.

The school district's second proposition of law asserts that the BTA erred in relying upon the testimony of an appraiser in another case. The school district misinterprets what the BTA said. The BTA stated that the cost approach used in another case should be applied here. The BTA found that the cost approach methodology which it had used in another case was similar to what the auditor's office had used in this case. Ohio Adm.Code 5705–3–02(G) directs auditors to value a building under construction based upon "its value or percentage of completion as it existed on January 1."

The BTA found that the Webb/Henne project was twenty-five percent completed on January 1, 1990 and that the ultimate total cost of the improvements was $6.4 million, thereby yielding a cost of $1.6 million on January 1, 1990. The BTA further reduced that amount by twenty-five percent to recognize what the BTA described as the "undeniable risk" that a potential purchaser would undertake in purchasing a partially completed project. While the BTA had used this method in another case, the same theory was testified to in this case by Henne, who used a fifty-percent discount factor for the "inherited [*sic*] risk" of purchasing an uncompleted project. Based on the facts in this case, the BTA found the inherent risk discount factor should be twenty-five percent rather than fifty-

percent, as urged by Henne. The BTA is vested with wide discretion to determine the weight given to evidence and the credibility of witnesses that come before it. *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 573 N.E.2d 661. The risk factor used by the BTA is within the range presented to the BTA; therefore, its decision to use the cost approach to determine value was reasonable.

The school district's third proposition of law asserts that the BTA erred in reversing the decision of the BOR after the BTA had concluded that the landowner had failed to meet its burden of proof. In making this assertion, the school district misinterprets the BTA's decision. In its decision, the BTA stated that the landowner had not satisfied its burden of proof in asserting the property was worth only $1,000,000. The BTA did not state that the landowner had failed to meet its burden of proof in showing that the BOR value was in error. In fact, the BTA stated that the landowner had shed doubt upon the accuracy of the BOR's valuation and that the school distrtict had not sustained its burden in asserting that the BOR values should be retained.

Based on the evidence before it, which consisted of the landowner's witnesses and the statutory transcript, there was sufficient evidence in the record upon which the BTA could determine value. In *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877, we summarized the functions of the BTA and this court in property valuation appeals:

"The BTA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful. *Cardinal Federal S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraphs two, three, and four of the syllabus. This court is not a ' "super" Board of Tax Appeals.' *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 351, 422 N.E.2d 846, 848. We will not overrule BTA findings of fact that are based upon sufficient probative evidence. *Hawthorn Mellody, Inc. v. Lindley* (1981), 65 Ohio St.2d 47, 19 O.O.3d 234, 417 N.E.2d 1257, syllabus." We find the BTA's action in not adopting the valuation set by the BOR to be reasonable.

Finally, the appellant asserts that the BTA failed to specify the reasons for its decision and the evidence upon which it relied. The decision of the BTA set forth step by step how it arrived at its final value and cited the evidence upon which it based its decision. We do not find the BTA's action to be unreasonable.

744

We determine that there is sufficient probative evidence establishing the current true value of the property in accordance with the BTA's valuation. The decision of the BTA is reasonable and lawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.