WESTLAKE MEDICAL INVESTORS, L.P., APPELLANT, *v.* CUYAHOGA
COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Westlake Med. Investors, L.P. v. Cuyahoga
Cty. Bd. of Revision* (1996), 74 Ohio St.3d 547.]

(No. 95–444—Submitted November 9, 1995—Decided February 14, 1996.)

*Todd W. Sleggs,* for appellant.

*Rosenzweig, Schulz & Gillombardo Co., L.P.A.,* and *Bill J. Gagliano,* for appellee Westlake Board of Education.

*Per Curiam.* Medical Investors principally argues that the BTA should have deducted amounts for the nonrealty items of the state-issued certificate of need, goodwill, and tangible personal property. We disagree.

A taxpayer has the duty to prove his right to a reduction in value. *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651. The BTA stated its reasons for why it did not believe Provencher's testimony, and the record supports its findings as to Provencher's testimony. We do not find that the BTA abused its discretion in discrediting his report and opinion of value.

Furthermore, the BTA may approve a board of revision's value if the taxpayer does not prove a right to a reduction in value. *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1994), 68 Ohio St.3d 336, 626 N.E.2d 933. Moreover, the circumstances of the 1986 sale of the subject property lend support to the BTA's conclusion. Medical Investors paid $3,560,000 to the seller, but Medical Investors attributed $3,360,000 to the real estate. Thus, it deducted $200,000 for nonrealty property from the purchase price. Furthermore, it paid $380,000 to improve the property. The total, $3,740,000, comes very close to the value decided by the BOR and the BTA. In light of the BTA's criticism of Provencher's total methodology, the BTA properly decided that the true value of the property, as of January 1, 1991, was $3,700,000.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.