[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 227.]

THROCKMORTON, APPELLANT, *v.* HAMILTON COUNTY BOARD OF REVISION;
HAMILTON COUNTY AUDITOR, APPELLEE.

[Cite as *Throckmorton v. Hamilton Cty. Bd. of Revision*, 1996-Ohio-226.]

*Taxation—Real property valuation—Appeal to Board of Tax Appeals—Burden is*
*on property owner to come forward with evidence to prove true value of*
*property—Board has wide discretion in determining weight to be given*
*evidence and credibility of witnesses—Board's decision reversed only*
*when decision is unreasonable or unlawful.*

(No. 95-1051—Submitted January 4, 1996—Decided March 5, 1996.)

APPEAL from the Board of Tax Appeals, No. 94-D-425.

_____

{¶ 1} David O. Throckmorton, appellant, and Pamela Sue Throckmorton filed a complaint with the Hamilton County Board of Revision ("BOR") on January 24, 1994 for the tax year 1993. The Throckmortons alleged that the real property they owned in Cincinnati, Ohio, which the appellee, Hamilton County Auditor, had assessed at a true value of $75,000 actually had a true value of $27,000. After a hearing before the BOR, the true value of the subject property was reduced to $65,350. David Throckmorton then filed an appeal with the Board of Tax Appeals ("BTA").

{¶ 2} The real property in question is a three-story apartment building located at 3655 Besuden Court in Cincinnati. The apartment building, which was built in 1890, contains 4,144 gross square feet and five apartments. Four of the apartments are one bedroom units and one is a two-bedroom unit. The rents for the one-bedroom units range from $275 to $295 per month, while the two-bedroom unit rents for $325 a month. The tenants pay for heat and electricity, while the landlord furnishes the water.

**{¶ 3}** At the hearing before the BTA, David Throckmorton presented a series of pictures showing areas of the subject property which he claimed were run down and needed repair. He also presented estimates of $63,800 and $78,000 for structural repairs and $21,540 for roofing repairs. Finally he presented a comparison study which he prepared of other buildings in the neighborhood.

**{¶ 4}** The county presented an appraisal prepared by Marlene McDaniel, a certified appraiser with the Hamilton County Auditor's Office. McDaniel based her appraisal on both a sales approach and an income approach, to arrive at her opinion of fair market value of $65,000.

**{¶ 5}** The BTA accepted McDaniel's opinion of fair market value and entered an order accordingly.

**{¶ 6}** The cause is now before this court upon an appeal as of right.

_____

*David O. Throckmorton*, *pro se*.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Thomas J. Scheve*, Assistant Prosecuting Attorney, for appellee Hamilton County Auditor.

_____

***Per Curiam.***

**{¶ 7}** Appellant first asserts that the BTA erred in its refusal to order an on-site inspection. Ohio Adm.Code Chapter 5717-1, which contains the rules of the Board of Tax Appeals, sets forth at Ohio Adm.Code 5717-1-11:

"(A) Unless made at a hearing or otherwise ordered, any request to the board shall be by written motion and shall be accompanied by a memorandum in support stating with particularity the grounds for the motion and citations of any authorities relied upon. ***"

**{¶ 8}** A review of the record in this case fails to show any motion filed by appellant with the BTA requesting that it make, or order, an on-site inspection of the real property in question. While appellant alleges contacts with the auditor's

office to make an on site inspection, none is alleged with the BTA. Because there was no motion filed with the BTA, the appellant's first argument is without merit.

{¶ 9} Appellant next contends that the BTA failed to give proper consideration to the distressed condition of the property, or the higher maintenance aspects of the property. The burden was on the appellant to come forward with evidence to prove the true value of the property. *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 552 N.E.2d 892. Evidence of needed repairs, or the cost of needed repairs, while a factor in arriving at true value, will not alone prove true value. It is the decrease in true value that may result from the need for the repairs that is the important factor to be determined by the BTA. Appellant's evidence consisted of pictures of various problem areas that existed on the property. Pamela Throckmorton testified as to her observations as to the condition of the surrounding neighborhood, and David Throckmorton introduced the estimates for repair work which he said needed to be done. Finally, he produced a comparison study which apparently set forth the appraised values for various other properties in the area. The BTA reviewed appellant's comparison study and stated, "the other properties were not comparable to the subject property." Therefore, the BTA found the study to be "worthy of little weight." The BTA, as the finder of fact, is vested with wide discretion in determining the weight to be given evidence and the credibility of witnesses which come before it. *Cardinal Federal S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433, paragraph three of the syllabus.

{¶ 10} In opposition to appellant's random evidence, the county presented an appraisal prepared by a certified appraiser. The BTA weighed the evidence presented by the parties and accepted the true value of the property, as set forth in the county's appraiser's report. The BTA's determination of true value is a question of fact which will be disturbed only when it affirmatively appears from

the record that such decision is unreasonable or unlawful. *Id*. at paragraph four of the syllabus. In this case we find no merit in appellant's second argument.

{¶ 11} Appellant's final argument is that the BTA failed to properly appraise the land value. Basically, appellant is contending that the BTA should have accepted his estimate of the land value. As set forth above, the BTA rejected appellant's opinion of value and accepted that of the county's appraiser. This court is not a "'super' board of tax appeals." *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404,405. We will not reweigh the evidence. We find no merit in this argument.

{¶ 12} The BTA's finding of true value is supported by the evidence, and its decision is reasonable and lawful and is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____