ZELL, TRUSTEE, APPELLEE, *v.* HAMILTON COUNTY BOARD OF
REVISION ET AL., APPELLEES; CINCINNATI SCHOOL
DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as *Zell v. Hamilton Cty. Bd. of Revision*
(1997), 78 Ohio St.3d 330.]

(No. 96–935—Submitted October 31, 1996—Decided April 30, 1997.)

Fred Siegel Company, L.P.A., and Annrita S. Johnson, for appellee Sam Zell.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Thomas J. Scheve, Assistant Prosecuting Attorney, for appellee.

Wood & Lamping and David C. DiMuzio, for appellant.

Per Curiam. The auditor did not file a notice of appeal, but in his brief as an appellee he argues for reversal of the BTA's decision. Sua sponte, the court strikes the auditor's brief.

The primary difference between this case and case No. 96–934 is that in this case the seller was the appellant at the BTA, while in case No. 96–934 the BOE was the appellant. Here, Zell, as the appellant, bore the burden of proving his right to a reduction in value. Zindle v. Summit Cty. Bd. of Revision (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651.

The first contention raised by the BOE is that the rebuttable presumption that sale price reflects true value arises in a valuation case only after proof that the sale was an arm's-length sale. This is the same contention raised by the BOE as its first contention in Cincinnati Bd. of Edn. We disagree with the BOE's contention for the same reasons as set forth Cincinnati Bd. of Edn.

The BOE's second contention is that Zell did not prove that he was not selling under economic duress. We disagree with the BOE. The BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of witnesses who come before it. Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433. The proper scope of this court's review of the BTA's decisions is not a substitution of the board's judgment on factual issues, but to determine from the record if the BTA's decision is supported by reliable and probative evidence. Alcoa v. Kosydar (1978), 54 Ohio St.2d 477, 8 O.O.3d 459, 377 N.E.2d 785. The BTA found that the sale was an arm's-length sale, thereby finding no economic duress. The BTA's finding is supported by testimony and evidence in the record. The best example of the evidence supporting the BTA's finding of no economic duress is Bawolek's testimony that Zell was not under duress to sell.

The BOE's third contention is that the sale was not exposed to the open market. This is the same contention that the BOE raised in case No. 96–934. We disagree with the BOE's contention for the same reasons set forth in *Cincinnati Bd. of Edn.*

For the reasons stated above, we find that the decision of the BTA is reasonable and lawful, and it is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.