[Cite as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revison*, 2013-Ohio-2892.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BOARD OF EDUCATION OF THE OLENTANGY LOCAL SCHOOLS | : | JUDGES |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J |
| Appellant-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DELAWARE COUNTY BOARD OF REVISON, ET AL. | : | Case No. 12-CAH-09-0067 |
| | : | |
| Appellees-Appellees | : | O P I N I O N |
| | : | |
| -vs- | : | |
| | : | |
| CHESHIRE DEVELOPERS, LLC | : | |
| | : | |
| Appellee-Appellant | : | |

CHARACTER OF PROCEEDING:    Appeal from the Ohio Board of Tax
                            Appeals, Case No. 2010-Q-1291

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           July 2, 2013

APPEARANCES:

For Appellant Cheshire Developers, LLC     For Olentangy Board of Education

MICHAEL R. SHADE                           MARK H. GILLIS
41 North Sandusky Street, Suite 410        KELLEY A. GORRY
P.O. Box 438                               6400 Riverside Drive, Suite D
Delaware, OH  43015-0438                   Dublin, OH  43017

For Delaware Cty. Auditor/Bd. of Revision  For Ohio Tax Commissioner

Mark W. Fowler                             Ohio Attorney General
140 North Sandusky Street, 3rd Floor       30 East Broad Street, 25th Floor
Delaware, OH  43015                        Columbus, OH  43215

*Farmer, J.*

{¶1}    In March of 2009, appellant, Cheshire Developers, LLC, filed a complaint against the valuation of two parcels located in Delaware County, seeking a reduction in valuation for tax year 2008.  Hearings before appellee, Board of Revision, were held on October 9, 2009 and May 5, 2010.  On June 10, 2010, appellee Board of Revision granted a reduction in valuation.  Appellee, Olentangy Local Schools Board of Education, filed an appeal with the Board of Tax Appeals.  A hearing was held on May 9, 2012.  By decision and order entered August 21, 2012, the Board of Tax Appeals reversed the Board of Revision and reinstated the valuations as originally set by appellee, Delaware County Auditor.

{¶2}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}    "THE DECISION OF THE BOARD OF TAX APPEALS (HEREINAFTER 'BTA') IS UNREASONABLE AND UNLAWFUL BECAUSE IT ERRED BY FAILING TO FIND THAT THE VALUE OF THE PROPERTY IS THE SAME AS IDENTICAL PROPERTY LOCATED ADJACENT TO THE SUBJECT PROPERTY WHEN BOTH THE ADJACENT PROPERTY AND THE SUBJECT PROPERTY WILL BE USED SOLELY FOR ROADWAY PURPOSES."

II

{¶4}    "THE DECISION OF THE BTA IS UNREASONABLE AND UNLAWFUL BECAUSE IT FAILED TO CONSIDER THE EVIDENCE OF VALUE SUBMITTED BY CHESHIRE DEVELOPERS, LLC."

III

{¶5}   "THE DECISION OF THE BTA IS UNREASONABLE AND UNLAWFUL BECAUSE THE BOARD OF EDUCATION OF THE OLENTANGY LOCAL SCHOOLS (HEREINAFTER 'OLENTANGY'), FAILED TO PRODUCE ANY EVIDENCE WHATSOEVER AS TO THE VALUE OF THE SUBJECT PROPERTY."

IV

{¶6}   "THE DECISION OF THE BTA IS UNREASONABLE AND UNLAWFUL BECAUSE OLENTANGY FAILED TO CARRY ITS BURDEN OF PROOF."

V

{¶7}   "THE DECISION OF THE BTA TO REINSTATE THE DELAWARE COUNTY AUDITOR'S INITIAL ASSESSMENT OF THE SUBJECT PARCELS IS UNREASONABLE AND UNLAWFUL BECAUSE THE BTA HAD NO EVIDENCE TO SUPPORT THE DELAWARE COUNTY AUDITOR'S VALUE."

I, II, III, IV, V

{¶8}   Appellant claims the decision of the Board of Tax Appeals was unreasonable and unlawful because it failed to accept evidence of an adjacent tax parcel, and appellee School Board failed to carry forth its burden of proof and produce any evidence as to the value of the subject parcel.   Appellant also claims the Board of Tax Appeals erred in reinstating the Delaware County Auditor's initial valuations.   We disagree.

{¶9}   This case originated as a complaint against the valuation of real property under R.C. Chapter 5715.   This court's standard of review is found in R.C. 5717.04 which states the following at paragraph eight:

If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

{¶10} In *WJJK Investments, Inc. v. Licking County Board of Revision,* 76 Ohio St. 3d 29, 32, 1996-Ohio-437, the Supreme Court of Ohio explained the following:

The BTA as the trier of fact "has wide discretion to determine the weight given to evidence and the credibility of witnesses before it." *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877. In this case the BTA reviewed the evidence presented by WJJK and found it to be insufficient to support a lower valuation. This court is not a " 'super' Board of Tax Appeals." *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 351, 422 N.E.2d 846, 848. In *Witt Co. v. Hamilton Cty. Bd. of Revision* (1991), 61 Ohio St.3d 155, 157, 573 N.E.2d 661, 663, we stated that "[a]bsent a showing of an abuse of discretion, the BTA's determination as to the credibility of witnesses and the weight to be given their testimony will not be reversed by this court."

{¶11} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶12} It is appellant's position that the evidence presented to the auditor with the filing of the complaint was sufficient to complete its burden. Appellant argues the Board of Tax Appeals erred in rejecting evidence of a comparison parcel.

{¶13} The parcels at issue are included in a piece of land, part of which is plotted for the development of a dedicated public roadway. Appellant argued the value of the dedicated public roadway portion should be zero, and presented evidence of another parcel that also had a purposed dedicated public roadway. October 9, 2009 T. at 27-30. The Board of Revision accepted appellant's arguments and lowered the valuations on June 10, 2010. Appellee School Board appealed the decision to the Board of Tax Appeals. After hearing, the Board of Tax Appeals reinstated the Delaware County Auditor's initial valuations.

{¶14} As set forth in the decision and order entered August 21, 2012, during the hearings before the Board of Tax Appeals, appellant made the same arguments as it made to the Board of Revision:

> At this board's hearing, Cheshire's counsel essentially reiterated the arguments made before the board of revision. He indicated that Cheshire's requested decreases were based on the removal of improvement value from one parcel, and the valuation of existing and proposed roadways on both parcels in accordance with the valuation of

another, similar parcel. H.R. at 9. We find both arguments are without merit.

{¶15} In rejecting these arguments, the Board of Tax Appeals found no value was attributed to the improvements for tax year 2008, and rejected appellant's like and similar property valuation comparison, quoting the following from *Benit v. Delaware County Board of Revision,* BTA No. 1993-B-722 (March 18, 1994):

"The appellant has attempted to show a lower value than assessed by the BOR. However, appellant's presentation of evidence fails to carry the burden of proof as to what the property is actually worth. The appellant has submitted a comparative analysis of the tax valuation of certain neighboring land. However, we have often stated that such information is not particularly helpful. 'Tax valuations are not sales, and a comparative analysis thereof is always subject to the objection that the tax valuations of the compared properties are not themselves market value.' *Henry W. Haydu v. Portage Cty. Bd. of Revision* (June 18, 1993), BTA No. 1992-H-576, unreported. *Paul L. and M. Courtney Caron v. Hamilton Cty. Bd. Of Revision* (August 27, 1993), BTA No. 1992-B-879, unreported." Id. at 6.

{¶16} As noted by the Board of Tax Appeals, the mere comparison of one parcel's valuation vis-á-vis another without more is insufficient. *WJJK Investments, supra*.

{¶17} Simply stated, appellant sought to lower the valuation of its parcels using a parcel similarly situated absent any fair market value assessment or other factors to justify the use of the other parcel's valuation. Absent any corroborating evidence of other like or similar factors, we concur that appellant failed to meet its burden.

{¶18} Appellant also argues it was not its burden to dispute the decision of the Board of Revision, but it was appellee's burden which they failed to meet. We disagree. "[A] taxpayer has the duty to prove his right to a reduction in value." *Cleveland Board of Education v. Cuyahoga County Board of Revision,* 68 Ohio St.3d 336, 337, 1994-Ohio-498, quoting *Zindle v. Summit County Board of Revision,* 44 Ohio St.3d 202, 203 (1989).

{¶19} The methods for determining valuation may be arrived at by the market data approach, the cost approach, or the income approach. *Villa Park Ltd. v. Clark County Board of Revision,* BTA No. 90-H-558 (June 26, 1992). Appellant presented none of the accepted approaches to the Board of Revision, but maintained the other undeveloped purposed dedicated roadway parcel was a good measure of value. As we noted above, no other factors were presented to substantiate the use of the other parcel. As our brethren from the Eighth District rejected the use of surrounding properties, we too reject appellant's arguments herein. *Sherman v. Board of Tax Appeals,* 8th Dist. No. 7597, 2000 WL 263277 (March 9, 2000).

{¶20} No other valuations were presented by appellee School Board as it sought to rely on the auditor's valuations. Appellee School Board argues it has met its burden by disproving the validity of appellant's approach to valuation as flawed by using the "other parcel" argument. We concur with this argument. Appellee School Board sought the reversal of the revaluation and prayed for the original assessed value to be

reinstated.  Once the Board of Tax Appeals rejected appellant's valuation approach, the only valuation left was the Delaware County Auditor's original assessment.

{¶21}  Upon review, we hereby find appellee School Board met its burden and the Board of Tax Appeals did not abuse its discretion in rejecting appellant's valuation approach.

{¶22}  Assignments of Error I, II, III, IV, and V are denied.

{¶23}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

_____

_____

_____

JUDGES

SGF/sg 524

[Cite as *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revison*, 2013-Ohio-2892.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BOARD OF EDUCATION OF THE OLENTANGY LOCAL SCHOOLS | : | |
| | : | |
| Appellant-Appellee | : | |
| | : | |
| -vs- | : | |
| | : | |
| DELAWARE COUNTY BOARD OF REVISON, ET AL. | : | JUDGMENT ENTRY |
| | : | |
| Appellees-Appellees | : | |
| | : | |
| -vs- | : | CASE NO. 12-CAH-09-0067 |
| | : | |
| CHESHIRE DEVELOPERS, LLC | : | |
| | : | |
| Appellee-Appellant | : | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to appellant.

_____

_____

_____

JUDGES