French, J.,
dissenting.
{¶ 45} This is a simple property-valuation case. To resolve it, we need only determine whether the Board of Tax Appeals (“BTA”) abused its discretion. The majority, however, uses this case as an opportunity to create an entirely new rule of law — a rule that neither party requested and that is contradictory to our precedent and BTA precedent. I therefore respectfully dissent.
A Bright-Line, 24-Month Rule Contradicts Case Law and Is Improper
{¶ 46} For decades, we have recognized a rebuttable presumption that the sale price reflects the true value of property. Walters v. Knox Cty. Bd. of Revision, *104 47 Ohio St.3d 23, 24, 546 N.E.2d 932 (1989); see also Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997); FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 24. For purposes of former R.C. 5713.03, once a party produces evidence of a sale, a presumption arises that “the sale has met all the requirements that characterize true value,” namely, that the sale was recent and was an arm’s-length transaction. Cincinnati at 326. A party can rebut this presumption by showing that the sale was either not recent or not arm’s-length. Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13 (“a sale price is deemed to be the value of the property, and the only rebuttal lies in challenging whether the elements of recency and arm’s-length character * * * are genuinely present”).
{¶ 47} As the majority recognizes, we have never set a bright-line rule for determining when a sale is too remote for the presumption to apply, and for good reason; the concept of recency is broader than mere temporal proximity. See, e.g., Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 32. Rather, the concept of recency “encompasses all factors that would, by changing with the passage of time, affect the value of the property,” such as changes to the property itself or to the marketplace. Cummins at ¶ 35. It is illogical to restrict our recency presumption based solely on temporal proximity when we do not base recency itself solely on temporal proximity.
{¶ 48} More importantly, this new rule conflicts with well-established precedent. In Zell v. Hamilton Cty. Bd. of Revision, 78 Ohio St.3d 330, 677 N.E.2d 1201 (1997), a case the majority apparently overlooks, this court applied the sale-price presumption to a sale that occurred 29 months after the tax-lien date. Zell directly refutes the majority’s belief that this court has never accorded the presumption to a sale more than 24 months outside the lien date and is directly contrary to the majority’s assertion that “[t]he case law does not establish that a 29-month-old sale must be presumed to be recent.” In fact, Zell directly supports application of the presumption to this case, which — just like Zell — concerns a sale that occurred within 29 months of the tax-lien date.
{¶ 49} A 24-month rule also conflicts with BTA case law. The BTA has applied the recency presumption to sales that occurred as much as 40 months prior to the tax-lien date. McCarty v. Clark Cty. Bd. of Revision, BTA No. 2008-V-2302, 2010 WL 3724158, *2-4 (Sept. 21, 2010). And in numerous other cases, the BTA has affirmed the use of a sale price even when the sale occurred outside the 24-month perimeter now set by the majority. See, e.g., Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, BTA No. 97-G-1216, 2000 *105 WL 854877 (June 23, 2000) (value set by sale 30 months after tax-lien date); Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, BTA No. 95-T-278, 1996 WL 90428, *3 (Feb. 23, 1996) (value set by sale 33 months after tax-lien date); Gahanna-J efferson Pub. Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision, BTA No. 94-T-789,1995 WL 121294, *2 (Mar. 17,1995) (value set by sale 33 months prior to tax-lien date).
{¶ 50} The majority proceeds as if it is writing on a clean slate, but it is not. Both our precedent and BTA precedent establish that the presumption applies even when the sale occurred more than 24 months outside the tax-lien date.
{¶ 51} Here, the Board of Education of the Akron City School District submitted documentation of the 2005 sale to the BTA. Under our precedent, this documentation raises the rebuttable presumption that the sale price was recent and represented the true value of the property. FirstCal, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, at ¶ 24.
{¶ 52} The Barkoffs attempted to rebut this presumption, but failed. In arguing against the sale price, the Barkoffs never proposed the bright-line rule the majority creates. Instead, the Barkoffs argued that the market-had undergone significant changes since the 2005 sale date, so the sale was not sufficiently recent. They submitted no credible proof of any market change, however. Their sole piece of evidence was a website printout showing that in July 2008, someone had purchased an Arby’s in Lucas County for $1 million. No expert testified whether or to what extent the Summit County market had changed. Nor did an expert testify that the Lucas County market was comparable to the Summit County market. Instead, the Barkoffs relied solely on statements from their own attorney, claiming that a lone sale from Lucas County proved a change in value to the Barkoffs’ Summit County property.
{¶ 53} The BTA reviewed and analyzed the Barkoffs’ evidence and found that the evidence was not competent to rebut the sale-price presumption raised by the school board, and the BTA was well within its discretion to do so. “The BTA is vested "with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses which come before it.” Tanson Holdings, Inc. v. Darke Cty. Bd. of Revision, 74 Ohio St.3d 687, 689, 660 N.E.2d 1216 (1996). The BTA need not adopt uncorroborated inferences that a party’s counsel offers. HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision, 122 Ohio St.3d 438, 2009-Ohio-3546, 912 N.E.2d 95, ¶ 14. The BTA’s decision to disregard the Barkoffs’ rebuttal evidence was therefore not unreasonable. Nor was it contrary to our precedent. Accordingly, I would affirm the BTA.
*106 Brindza, Mclntire & Seed, L.L.P., and David H. Seed, for appellee Akron City School District Board of Education.
Michael DeWine, Attorney General, and Regina M. VanVorous, Assistant Attorney General, for appellees Summit County Board of Revision and Summit County Fiscal Officer.
Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellants.

Conclusion

{¶ 54} The majority overreaches today by creating — unprompted—an arbitrary 24-month-rule for determining when a sale is presumed to be recent. This rule contradicts case law from this court and from the BTA. In accordance with our legal precedent, and in deference to the BTA’s discretion in weighing evidence, I would apply the presumption in this case and uphold the BTA’s decision. Because the majority determines otherwise, I dissent.