TANSON HOLDINGS, INC., APPELLANT, *v.* DARKE
COUNTY BOARD OF REVISION, APPELLEE.

[Cite as *Tanson Holdings, Inc. v. Darke Cty. Bd.*
*of Revision* (1996), 74 Ohio St.3d 687.]

(No. 95–470—Submitted November 30, 1995—Decided March 1, 1996.)

*Ball, Noga & Tanoury* and *Ronald B. Noga,* for appellant.

*Jonathan P. Hein,* Darke County Prosecuting Attorney, and *Richard M. Howell,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* Appellant contends that the BTA erred because there was no reliable or probative evidence to support the BTA's determination that the sale from Tanson to Knowlton was not an arm's-length sale. In *Walters v. Knox Cty. Bd. of Revision* (1989), 47 Ohio St.3d 23, 546 N.E.2d 932, we defined the elements of an arm's-length sale, stating that "it is voluntary, *i.e.,* without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." After reviewing the evidence in this case, the BTA found that the relationship between the grantor and the grantee "is far from independent." The BTA further stated, "[T]his Board does not find that a transfer between appellant and the son of the prior owner exhibits the indices of a market sale."

This court is not a " 'super' board of tax appeals." *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404. The BTA is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses which come before it. *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433. In this case, Tanson had the duty to prove its right to a reduction in value. *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988),

38 Ohio St.3d 198, 527 N.E.2d 874. One of the facts which Tanson had to prove was that the sale was an arm's-length sale. In *Conalco, Inc. v. Monroe Cty. Bd. of Revision* (1977), 50 Ohio St.2d 129, 4 O.O.3d 309, 363 N.E.2d 722, we held in paragraph one of the syllabus: "The best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." However, the evidence presented to the BTA raised questions about whether the sale was an arm's-length sale between independent parties. Willoughby testified that, when he purchased the stock from the Lambert family, extensive warranties had been given by the sellers. Willoughby further testified that there had been litigation with William B. Lambert, the father of Steven Lambert. Steven Lambert had been one of the managers of the property at the time the environmental problems had been generated. When asked if Knowlton was owned by Steven Lambert, Willoughby replied, "I guess."

Based on the meager evidence presented to the BTA, competing inferences could be drawn as to whether the relationship between the buyer and the seller qualified the sale as an arm's-length transaction. The burden was on Tanson to convince the BTA that the sale was an arm's-length transaction, and it was unable to meet that burden.

In this case, the BTA as the trier of fact drew the inference that the relationship between the buyer and the seller was "far from independent." Whether such an inference drawn from the facts is reasonable is an appropriate question for our review. *Ace Steel Baling, Inc. v. Porterfield* (1969), 19 Ohio St.2d 137, 48 O.O.2d 169, 249 N.E.2d 892. We have reviewed the record and we find the BTA's inference to be reasonable.

The decision of the BTA, being neither unreasonable nor unlawful, is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.