CCLEVELAND OH REALTY I, L.L.C., ET AL., APPELLANTS, v. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *CCleveland OH Realty I, L.L.C. v. Cuyahoga Cty. Bd. of Revision,* 121 Ohio St.3d 253, 2009-Ohio-757.]

(No. 2008–0636—Submitted February 18, 2009—Decided February 25, 2009.)

---

**Per Curiam.**

{¶ 1} Appellants, CCleveland OH Realty I, L.L.C., and CCleveland OH Realty II, L.L.C. (collectively, "CCleveland"), appeal from a decision of the Board of Tax Appeals ("BTA") for tax year 2004 that adopted as the true value of certain property its June 26, 2004 sale price of $4,084,750. CCleveland had argued at the board of revision and at the BTA that the price did not reflect true value because the property was encumbered with a long-term lease that (1) stemmed from an earlier sale-leaseback and (2) furnished a stream of rent in excess of market rent. We recently rejected similar arguments in *AEI Net Lease Income & Growth Fund v. Erie Cty. Bd. of Revision*, 119 Ohio St.3d 563, 2008-Ohio-5203, 895 N.E.2d 830. In addition, CCleveland advances ancillary arguments that did not form the subject of any of the assignments of error set forth in its notice of appeal. Because we have no jurisdiction to grant relief on grounds not stated in the notice of appeal to the court, we must disregard the ancillary arguments. Accordingly, we affirm the decision of the BTA.

### Facts

{¶ 2} On March 31, 2005, the Board of Education of the Cleveland Municipal School District ("school board") filed a complaint against the county auditor's $2,040,000 valuation of the 1.75–acre parcel, located at West Boulevard and Lorain Avenue in Cleveland. The property is improved with a CVS drugstore with "net rentable area" of 10,125 square feet. Revco Discount Drug Centers, Inc., had acquired the property on November 15, 1999, and Revco had sold it together with a number of other properties as part of a sale-leaseback transaction in 2000. That purchase contract obligated the parties to enter into a long-term leaseback, with an initial 23–year term with up to ten renewals. The documents submitted to the board of revision did not reveal the amount of rent to be paid under the lease.

{¶ 3} CCleveland purchased the property on June 26, 2004, in an arm's-length sale from a successor of Revco. That event led the school board to initiate the complaint in this case, seeking to increase the property's value to $4,084,750, the purchase price. CCleveland filed a countercomplaint, seeking to decrease the property's value to $2,000,000, the November 15, 1999 price that Revco had initially paid for the property. The board of revision declined to change the value determined by the auditor, and both the school board and CCleveland appealed. The appeals were consolidated by the BTA for hearing and decision.

{¶ 4} At the BTA hearing, CCleveland presented the appraisal report and testimony of Richard Racek. Racek valued the "fee simple interest, disregarding the current contract rent in [sic] the property." Racek opined that based on rent comparisons that he had undertaken, the contract rent of $31.20 per square foot greatly exceeded market rents in the area, which ranged from $3.75 to $12.87 per square foot. Racek utilized a market rent figure of $9.50 per square foot as a basis for his income approach and specifically identified comparison properties that would "show how an investor would look at an income producing property that isn't necessarily tied into the specific tenant in building [sic]." For sales comparisons, Racek selected large stores that were no longer occupied by the original tenant or owner. Racek ultimately reconciled his approaches, valuing the property at $865,000 as of January 1, 2004.

{¶ 5} The BTA issued its decision in the consolidated cases on March 7, 2008. Noting that the school board had presented the conveyance fee statement and deed showing the sale of the property on June 26, 2004, for $4,084,752, the BTA found that this constituted the best evidence of the property's value as of January 1, 2004. The BTA relied on case law to reject CCleveland's theory that the sale did not indicate true value because it constituted a sale of the leased fee, rather than the fee simple.

## Analysis

{¶ 6} In its brief CCleveland asserts two propositions of law. Both challenge the use of the 2004 sale price by arguing that (1) the long-term lease entered into pursuant to the 2000 sale-leaseback elevated that price and (2) the lease was not itself at arm's length, so that the price could not be regarded as indicating true value. In so arguing, CCleveland relies on *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision,* 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 30, fn. 4.

{¶ 7} We have already fully considered and rejected this argument in *AEI Net Lease Income & Growth Fund v. Erie Cty. Bd. of Revision,* 119 Ohio St.3d 563, 2008-Ohio-5203, 895 N.E.2d 830, ¶ 19, 20.[1] In that case, we stated that the "concern associated with sale-leaseback transactions lies in collusion between the

---

1. At oral argument, CCleveland attempted to distinguish the present case from *AEI* by stating that the BTA rejected the probative value of the owner's evidence in *AEI,* but not in this case. We disagree. In both cases, the BTA properly disregarded the appraisal evidence because a recent arm's-length-sale price established the value of the property. See *AEI,* ¶ 22, fn. 1 ("appraisal evidence may not be considered in valuing the property when there is a recent, arm's-length sale price"); *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision,* 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13 (case law mandates "rejection of appraisal evidence of the value of the property whenever a recent, arm's-length sale price has been offered as evidence of value").

parties to depress property value for tax purposes." Id., ¶ 20. Nothing in the record of this case raises this concern; indeed, CCleveland's central objection arises because the parties to the sale-leaseback succeeded in maximizing the value of the realty: the seller received an elevated sale price and, as consideration, committed to paying the purchaser a stream of elevated lease payments, which in turn allowed the purchaser to fetch a greater sale price later on. That was also the situation in *AEI*, and it furnishes an equally sound basis for rejecting CCleveland's position in this case. Id. at ¶ 21, 25.

{¶ 8} Perhaps realizing that *AEI* has foreclosed the line of argument it had previously pursued, CCleveland now focuses on two ancillary points. CCleveland contends first that the board of revision's decision on a valuation complaint filed by the school board as to tax year 2000 established that the 2000 sale-leaseback could not form the basis for valuing the property. Second, CCleveland asserts that the record does not support the BTA's allocation of value to the land.

{¶ 9} We do not reach the merits of either contention, because CCleveland did not assert either argument as an assignment of error in its notice of appeal. As a result, we lack jurisdiction to consider either contention as a basis for granting relief to the appellant. See *Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28 ("when a litigant fails to raise a particular argument in the notice of appeal to the court, the court 'do[es] not have jurisdiction to consider the argument' "), quoting *Norandex, Inc. v. Limbach* (1994), 69 Ohio St.3d 26, 31, 630 N.E.2d 329, fn. 1.

## Conclusion

{¶ 10} For all the foregoing reasons, the BTA reasonably and lawfully concluded that the June 26, 2004 sale furnished a recent, arm's-length sale price that constituted the value of the property. We therefore affirm the BTA's decision.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Brindza, McIntyre & Seed, L.L.P., Robert A. Brindza, Daniel M. McIntyre, David H. Seed, David A. Rose, and Jennifer A. Hoehnen, for appellee Board of Education of the Cleveland Municipal School District.