[Cite as *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision,* 122 Ohio St.3d 438, 2009-Ohio-3546.]

HK NEW PLAN EXCHANGE PROPERTY OWNER II, L.L.C. , APPELLEE, *v.*

HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES; CINCINNATI

SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty.*

*Bd. of Revision,* 122 Ohio St.3d 438, 2009-Ohio-3546.]

*Real property taxation — Recent sale not shown to have been part of bulk sale —*

*Failure to respond to discovery request not shifting burden of proof —*

*Specification of issues in notice of appeal.*

(No. 2008-1782 — Submitted July 14, 2009 — Decided July 28, 2009.)

APPEAL from the Board of Tax Appeals, No. 2006-B-1410.

_____

**Per Curiam.**

{¶ 1} Appellant, Cincinnati School District Board of Education ("school district"), appeals from a decision of the Board of Tax Appeals ("BTA") in which the BTA reversed the Hamilton County Board of Revision ("BOR") and found that a January 2003 sale price constituted the value of the property at issue for tax year 2005. The school district contests the BTA's decision primarily on evidentiary grounds. Namely, the school district argues that the 2003 sale of the property occurred as part of a bulk sale of assets and asserts that the property owner failed to prove the propriety of the amount of the sale price that was allocated to the property at issue. We reject the school board's position because we conclude that the BTA could reasonably and lawfully have determined that the record before it did not document the existence of a bulk sale, with the result that the owner incurred no burden of demonstrating the propriety of allocating a bulk-sale price. We therefore affirm.

**Facts**

**{¶ 2}** On March 29, 2006, the owner of the property at issue, HK New Plan Exchange Property Owner II, L.L.C. ("HK New Plan"), filed a complaint against the auditor's valuation of the property for the 2005 tax year. The auditor had valued the property at $4,179,400. The owner contended that a $2,570,100 sale price of the property should be adopted as the property's value for tax year 2005. The sale is reflected in a deed executed December 7, 2002, and a conveyance-fee statement dated January 13, 2003. On May 19, 2006, the school board filed a countercomplaint asking that the auditor's valuation be retained.

**{¶ 3}** At the hearing before the BOR, HK New Plan presented the conveyance-fee statement and the deed to document the sale and the sale price. As an alternative to the sale price, the owner also presented an income approach that concluded that the property's value was $3,055,880.

**{¶ 4}** Additionally, counsel for HK New Plan stated at the hearing that a complaint had been filed for tax year 2003 asserting the same sale-price valuation and that the BOR had declined at that earlier proceeding to adopt the sale price as the property's value. The BOR members in the present case expressed two concerns: that the BOR might previously have found some reason not to use the sale and that the two-year lapse of time between the sale and the lien date might have led to changes that affected value. Because of these concerns, the BOR voted not to change the valuation of the property. HK New Plan then appealed to the BTA.

**{¶ 5}** HK New Plan waived hearing at the BTA, but the school board and the county did not. Counsel for the school board argued that the record at the BOR raised factual issues regarding the validity of using the sale price. In particular, counsel pointed to the statement at the BOR by counsel for HK New Plan that the 2003 "sale in question again was part of a sale from another institutional investor to HK New Plan." The school board asserted that this statement constituted an admission that the property at issue was one of multiple

2

assets conveyed in a bulk sale of assets, with the result that (1) the sale price assigned to the property at issue constituted an allocation of a bulk-sale price, and (2) HK New Plan had the burden of showing the propriety of the allocation. For its part, the county focused on statements made by the owner's counsel at the BOR that raised "questions" or "issues" with using the sale as the indicator of value. Both the school board and the county presented unanswered discovery requests as evidentiary exhibits at the BTA.

{¶ 6} In its BTA brief, HK New Plan argued that the conveyance-fee statement and deed constituted a prima facie case establishing an arm's-length sale price as the value of the property and contended that the school board had presented no evidence rebutting either the recency or arm's-length character of the sale.

{¶ 7} By decision dated August 12, 2008, the BTA agreed with HK New Plan. Relying on *Lakota Local School Dist. Bd. of Edn. v. Butler Cty. Bd. of Revision*, 108 Ohio St.3d 310, 2006-Ohio-1059, 843 N.E.2d 757, the board rejected the BOR's concern about the two-year time lapse between the sale and the lien date by observing that the record contained "no evidentiary indication of the market conditions surrounding the sale and the tax lien date and whether the market was changing in a manner that would affect the utility of the sale price as an indication of value." *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision* (Aug. 12, 2008), BTA No. 2006-B-1410, at 6. Additionally, the BTA found that the "mere presence of the [school board] at the BOR hearing, and its subsequent request for additional sale information" did not "shift the burden of proof back to the appellant in such a case." Id. at 8.

{¶ 8} Finally, the BTA specifically rejected the alleged significance of the statement by HK New Plan's counsel to the BOR that the sale was "part of a sale from another institutional investor to HK New Plan": the BTA noted that there was "no other information regarding this comment in the record" and found

that this statement alone was not sufficient to invalidate the price as evidence of value. Id. Although "some questions were raised about the sale at the BOR hearing, HK met its burden of proof in submitting its conveyance fee statement and limited warranty deed." Id. Accordingly, the BTA adopted the January 2003 sale price of $2,570,100 as the value of the property for the 2005 tax year.

{¶ 9} The school district appealed to this court. We denied HK New Plan's motion to dismiss in 121 Ohio St.3d 1224, 2009-Ohio-1110, 903 N.E.2d 643, and now consider the appeal on the merits.

## Analysis

*The BTA did not abuse its discretion when it determined that the bulk-sale allocation lacked support in the record*

{¶ 10} The school board's notice of appeal sets forth two specifications of error: first, that the BTA allegedly erred by "fail[ing] to apply the rule that the proponent of an allocation of bulk sale of several properties bears the initial burden of showing the propriety of the allocation between the properties" and, second, that the BTA allegedly erred by "assum[ing] that the amount allocated to a particular parcel of real property necessarily reflects the true value in money of the parcel" and by "fail[ing] to look for corroborating indicia to insure that the allocation reflects the true value of the property." Both these specifications raise arguments pursuant to this court's decision in *St. Bernard Self-Storage, L.L.C. v. Hamilton Cty. Bd. of Revision*, 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, and the school board advances these arguments in its brief.

{¶ 11} As a crucial first step, the school board points to the following statement by HK New Plan's counsel at the BOR: "The sale in question again was part of a sale from another institutional investor to HK New Plan." According to the school board, this statement constitutes an admission of a party opponent that the property at issue was sold as one of several assets for a stated price that encompassed the sale of all the assets.

4

**{¶ 12}** Next, the school board reasons that if there was a bulk sale, the burden is on HK New Plan as the proponent of an allocation of the sale price to show the propriety of the allocation. *St. Bernard Self-Storage,* 115 Ohio St.3d 365, 2007-Ohio-5249, 875 N.E.2d 85, ¶ 19. Because HK New Plan presented no evidence on the point, the school board argues that it failed to sustain its burden of proof at the BTA.

**{¶ 13}** The BTA disposed of this argument at its initial premise. The board concluded that counsel's statement, standing alone, did not "invalidate the subject sale" as an indicator of true value. Quite simply, the board did not agree with the assertion that the statement, in the absence of other evidence, sufficed to prove the existence of a bulk sale and the allocation of a bulk-sale price.

**{¶ 14}** We have often stated that this court "is not a super BTA or a trier of fact de novo." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 17, citing *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 400, 20 O.O.3d 349, 422 N.E.2d 846. While the BTA could reasonably have inferred the existence of a bulk sale from counsel's statement at the BOR, the words do not clearly and unequivocally state that a bulk sale occurred. Moreover, the school district infers from those words not only the existence of a bulk sale but also the existence of one unitary price for all assets involved in the sale and an allocation of a portion of that unitary price to the property at issue. Finding no corroboration for any of these inferences anywhere in the record, the BTA acted reasonably and lawfully in reaching its conclusion.

*HK New Plan's failure to respond to discovery did not shift the burden of proof*

**{¶ 15}** The school district also points out that it served a discovery request that was designed to elicit pertinent evidence from HK New Plan, including whether the sale of the property at issue constituted part of a bulk sale of assets. HK New Plan simply did not respond. This failure to respond to discovery forms

part of the basis for recognizing that HK New Plan must shoulder the burden of proof as to the bulk-sale issue.

{¶ 16} We have observed that discovery at the BTA constitutes one means by which the party that opposes using a sale price to determine value may obtain evidence to prove its case. *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 44. It is of course incumbent upon the BTA to exercise sound judgment in the administration and enforcement of its rules – including its discovery rule – so that all parties receive a full and fair opportunity to be heard. That said, the determination of discovery disputes and decisions to sanction parties for failing to comply with discovery rules are confided to the sound discretion of the BTA, and absent a showing that the BTA abused its discretion, such decisions by the BTA will not be disturbed on appeal. See *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d 952, ¶ 27.

{¶ 17} In the present case, the BTA noted that "the mere presence of the [school district] at a BOR hearing, and its subsequent request for additional sale information" do not "shift[ ] the burden of proof back to the appellant in such a case." BTA No. 2006-B-1410, at 8. Additionally, "neither the [school district] nor the county appellees filed motions to compel with the BTA regarding the unanswered discovery requests which are highlighted by the appellees." Id.

{¶ 18} This latter point is crucial, because the only significance of the discovery violation would lie in the possibility of HK New Plan suffering a sanction for its failure to respond – a sanction that would presumably consist either of a shifting of the burden of proof or an outright dismissal of its appeal. But such sanctions are usually available only when an order compelling discovery has been violated. Civ.R. 37; Ohio Adm.Code 5717-1-11(A) (authorizing discovery by various means and stating that the Ohio Rules of Civil Procedure

"shall be followed for discovery purposes to the extent they are not inconsistent with other board rules").

{¶ 19} To be sure, the board possesses a more general authority to impose sanctions, but its decisions to do so or to refrain from doing so are also discretionary. Ohio Adm.Code 5717-1-14; see *Trebmal Landerhaven v. Cuyahoga Cty. Bd. of Revision* (1995), 72 Ohio St.3d 31, 34, 647 N.E.2d 159. We find no abuse of discretion in this case.

*The school board's other claims for relief do not lie within*

*the jurisdictional scope of its notice of appeal*

{¶ 20} In addition to its bulk-sale argument, the school board's brief more broadly contends that "questions raised" about the validity of using the 2003 sale to determine the value of the property as of January 1, 2005, created a burden on the owner to present more evidence in support of using the sale. The school board cites and relies on our decision in *Tanson Holdings, Inc. v. Darke Cty. Bd. of Revision* (1996), 74 Ohio St.3d 687, 660 N.E.2d 1216.

{¶ 21} In *Tanson*, the owner offered a sale price as indicative of the value of the property, but the evidence showed that the transfer from Tanson to its purchaser occurred in the context of litigation between Tanson's principal and the former owner, who was related to the principal of the entity that purchased the property. *Tanson Holdings, Inc. v. Darke Cty. Bd. of Revision* (Feb. 3, 1995), BTA No. 1993-M-590, affirmed, *Tanson*, supra. In that context, the BTA specifically found that the relationship of Tanson and its purchaser was "far from independent," with the result that the sale did not qualify as a transaction at arm's length. Id. at 12; *Tanson*, 74 Ohio St.3d at 689, 660 N.E.2d 1216.

{¶ 22} In affirming, we stated that "competing inferences could be drawn as to whether the relationship between the buyer and the seller qualified the sale as an arm's-length transaction," so the "burden was on Tanson to convince the BTA that the sale was an arm's-length transaction," and we observed that Tanson

"was unable to meet that burden." *Tanson*, 74 Ohio St.3d at 690, 660 N.E.2d 1216. By parity of logic, the school board argues that all the circumstances that raised concern at the BOR created a burden for HK New Plan at the BTA.

{¶ 23} In essence, *Tanson* addresses the burden of persuasion at the BTA when a board of revision has rejected the use of a sale price to determine value. See *Cincinnati Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (1997), 78 Ohio St.3d 325, 328, 677 N.E.2d 1197. The school board contends that HK New Plan did not discharge the burden of proof in this case, particularly given its status as the owner of the property that stood in possession of the relevant information.

{¶ 24} But the argument that the present case raises *Tanson*-like questions about the arm's-length character of the sale is jurisdictionally foreclosed because no such error is specified in the notice of appeal. As already noted, the notice of appeal raises no issues other than the bulk-sale issue. Under our cases, "when a litigant fails to raise a particular argument in the notice of appeal to the court, the court 'do[es] not have jurisdiction to consider the argument.' " *Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28, quoting *Norandex, Inc. v. Limbach* (1994), 69 Ohio St.3d 26, 31, 630 N.E.2d 329, fn. 1. *Tanson* issues relating to the arm's-length character of the sale do not lie within the ambit of the bulk-sale arguments advanced in the notice of appeal. It follows that we have no jurisdiction to address the school board's *Tanson* arguments. Nor may we address whether the BOR's apparent rejection of the sale price in valuing the property for the 2003 tax year precluded HK New Plan from raising that issue again for the 2005 tax year. See *CCleveland OH Realty I, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 121 Ohio St.3d 253, 2009-Ohio-757, 903 N.E.2d 622, ¶ 8, 9.

**Conclusion**

{¶ 25} The BTA acted reasonably and lawfully when it determined that the record did not show that the sale at issue constituted part of a bulk sale. Because the notice of appeal to the court was predicated on the existence of a bulk

8

sale, we have no jurisdiction to consider other reasons for reversing the BTA's decision that HK New Plan has advanced.  We therefore affirm the decision of the BTA.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Siegel, Siegel, Johnson & Jennings Co., L.P.A., Nicholas M. J. Ray, and Jay P. Siegel, for appellee HK New Plan Exchange Property Owner II, L.L.C.

David C. DiMuzio, Inc., David C. DiMuzio, and Jennifer B Antaki, for appellant.

_____