[Cite as *State v. Gannon*, 2016-Ohio-1007.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA16 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| TERRY LEE GANNON, JR., | : | |
| | | **RELEASED: 3/10/2016** |
| Defendant-Appellant. | : | |

APPEARANCES:

Terry Lee Gannon, Jr., Chillicothe, Ohio, pro se appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Harsha, J.

{¶1} After his conviction for several drug offenses and an unsuccessful appeal, Terry Lee Gannon Jr. filed a "MOTION FOR RESENTENCING BASED ON VOID JUDGMENT." Gannon argued that his plea and sentence were void because at his change of plea hearing, the trial court failed to advise him about the mandatory period of post-release control that was part of his maximum sentence. The trial court denied the motion and Gannon filed a pro se appeal, which raises two assignments of error.

{¶2} We agree with Gannon's assertion in his second assignment of error that the trial court erred in failing to properly advise him at the change of plea hearing of the mandatory post-release control component of his maximum sentence. However, the dispositive issue presented by this assignment is whether that error resulted in his plea being void, or merely voidable. If it is the latter, then res judicata precludes relief in light of his prior appeal. If it is the former, we must reach the merits of this assignment of error. Because this error involved the failure to comply with a court rule at the plea

hearing, rather than the failure to comply with a mandatory sentencing provision, we conclude that his plea was merely voidable.  Therefore, he should have raised the issue in his direct appeal, but did not. So, under the law-of-the-case component of res judicata, we are precluded from addressing the merits of this assignment of error.

{¶3}    Nevertheless, we also agree with Gannon's claim in his first assignment of error that the trial court committed plain error by failing to notify him of post-release control at his sentencing hearing.  Because this failure rendered his sentence "partially void," we sustain his first assignment of error, reverse, and remand the cause to the trial court for the limited purpose of holding a new sentencing hearing to provide him with the appropriate notification of his mandatory three-year term of post-release control.

## I. FACTS

{¶4}    The Lawrence County Grand Jury returned an indictment charging Gannon with four counts of trafficking in drugs (Oxycodone), one of which was a second-degree felony and the remaining three of which were third-degree felonies. Gannon eventually pleaded guilty to the charges, acknowledging in a written plea form that he understood that if he was sentenced to a penal institution, he would be subject to a period of post-release control "for up to (3-5) years."

{¶5}    During his change of plea hearing the trial court described the four charges and noted that for the second-degree felony charge, the sentence would include "three years of post-release control."  The trial court then engaged in the following exchange with Gannon:

> COURT:  Do you understand that you may have to serve a period of post release control as part of your sentence after your [sic] released from prison?

DEFENDANT:  Yes.

COURT:  And if your [sic] placed on post-release control the adult parole authority can return you to prison for up to nine months if you violate their conditions up to a maximum of fifty percent of your prison sentence.

DEFENDANT:  Yes.

The trial court accepted Gannon's guilty plea and convicted him of the charged offenses.

{¶6}    Later at the sentencing hearing the trial court did not notify Gannon that post-release control was part of his sentence.  Nonetheless, the trial court issued an entry sentencing Gannon to an aggregate term of eight years in prison with a mandatory three-year term of post-release control.

{¶7}    We affirmed his conviction in *State v. Gannon*, 4th Dist. Lawrence No. 14CA16, 2015-Ohio-1573, where we rejected his claim that ineffective assistance of counsel rendered his plea involuntary.  *Id.*

{¶8}    Subsequently, Gannon filed a motion for resentencing. For the first time he asserted that the trial court's sentencing entry was void because the trial court failed to advise him at the plea hearing of the mandatory period of post-release control and failed to impose the mandatory three-year period of post-release control. He also argued that his trial counsel was ineffective for failing to raise these matters. Before the state could respond to Gannon's motion, the trial court denied it because it concluded that it lacked jurisdiction to consider the motion.[1] This appeal followed.

---

[1] The trial court incorrectly concluded it lacked jurisdiction. The court reasoned that because Gannon had previously appealed the sentence, it lacked jurisdiction over Gannon's motion for resentencing unless we remanded the matter for that purpose.  The trial court did not cite any authority supporting its finding, and neither of the parties argues that the trial court's rationale was correct.  It appears that the trial court may have been relying on the precept that once an appeal has been perfected to a court of appeals, a trial court lacks jurisdiction over matters inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.  *See State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of*

## II. ASSIGNMENTS OF ERROR

**{¶9}**   Gannon assigns the following errors for our review:

1.  The trial court erred as a matter of law and abused its discretion when it failed to re-sentence Defendant-Appellant as statutorily required. The trial court failed to sentence or notify Appellant about Post Release Control at the Sentencing Hearing (at all) in violation of R.C. 2967.28, 2929.19(B)(3) and 2929.14[F].

2.  The trial court committed reversible error and denied Appellant due process of law by failing to advise appellant prior to accepting his guilty plea that three (3) years of mandatory Post Release Control would be part of his sentence. Crim.R. 11(C)(2)(a)-(b), Fourteenth Amendment Constitution of The United States:  Article 1 Section 16 Ohio Constitution.

## III. LAW AND ANALYSIS

### A.  Validity of Guilty Plea

**{¶10}**   Initially, we address Gannon's second assignment of error because it would be dispositive of the entire appeal if it has merit.  Gannon argues that the trial court erred by failing to advise him at his plea hearing that he would be subject to a mandatory term of three years of postrelease control.  Most importantly, he claims this error rendered his plea, and everything thereafter, null and void. Gannon presented this issue in his motion for resentencing, claiming that his trial counsel was ineffective for failing to raise the error at the time he entered his guilty plea.

### 1. Standard of Review & Law

---

*Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13.  But the jurisdictional bar of a pending appeal does not apply when the appeal is no longer pending.  *Id.* at ¶ 15, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 12-13.  Because Gannon's prior appeal was no longer pending when he filed his motion for resentencing, the trial court did not lack jurisdiction to rule on the motion.  Insofar as Gannon claimed his sentence was void, his claim was reviewable at any time, on direct appeal or by collateral attack.  *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus.  And the trial court had jurisdiction to determine whether Gannon's claim was barred by res judicata. But because we review judgments and not the rationale behind them, this misconception plays no role in the appeal.

**{¶11}** Because we are not yet in a position to consider the merits of Gannon's assignment of error, our review is not dependent upon the nature of the merits of his argument. Rather, we are initially deciding whether the legal doctrine of res judicata precludes such an analysis. Accordingly, at this stage of appeal we conduct a de novo review of whether the law of the case and issue preclusion preclude Gannon from garnering a decision on the merits.

**{¶12}** " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.' " (Emphasis sic.)  *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *see also State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, 9 N.E.3d 1031, ¶ 28.

**{¶13}** Crim.R. 11(C)(2)(a) provides that a trial court shall not accept a guilty plea without first addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *."  R.C. 2943.032 provides that "[p]rior to accepting a guilty plea * * * to an indictment * * * that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty * * * to the felony so charged or any other felony, if the court imposes a prison term upon the defendant for the felony, and if the offender violates the conditions of a post-release control sanction imposed by

the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months."

## 2. Analysis

**{¶14}**  Crim.R. 11(C)(2)(a) thus requires a trial court, at the time of a defendant's plea, to advise the defendant of any mandatory post-release-control period, which is part of the maximum sentence.  *See, e.g., State v. Harris*, 8th Dist. Cuyahoga No. 99919, 2014-Ohio-925, ¶ 6; *see also State v. Hill*, 4th Dist. Lawrence Nos. 04CA9 and 04CA11, 2005-Ohio-3491, ¶ 18.  The trial court gave Gannon inconsistent advice on the maximum penalty of the charges to which he was pleading guilty when it initially informed him that the second-degree felony carried a three-year period of post-release control, but then suggested that the post-release control was discretionary, rather than mandatory, by stating that he "may" have to serve it. Thus, it did not substantially comply with Crim.R. 11(C)(2)(a).

**{¶15}**  But the trial court did comply with R.C. 2943.032 by specifying that if he violated post-relase control, the parole authority could impose sanctions that included a new prison term of up to nine months.  *See State v. McCollins*, 8th Dist. Cuyahoga No. 87182, 2006-Ohio-4886, ¶ 10 quoting *State v. Gulley*, 1st Dist. Hamilton No. C-040675, 2005-Ohio-4592, ¶ 21 (when trial court mentions post-release control, but fails to inform the defendant of the duration of a mandatory post-release-control period, it complies with [former] R.C. 2943.032(E) [now R.C. 2943.032], but does not substantially comply with the maximum-penalty requirement of Crim.R. 11(C)(2)(a)).

**{¶16}** In his motion for resentencing Gannon argued that his sentence was void because it was premised on a void guilty plea, relying on cases like *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984). These cases apply the voidness doctrine to sentences imposed without statutory authority. In general, sentencing errors are not jurisdictional and do not render a judgment void. *Fischer* at ¶ 7, citing *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383 (1997). "But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *Fischer* at ¶ 8.

**{¶17}** However, because the error here resulted from the court's failure to comply with the Crim.R. 11(C)(2)(a) requirements for accepting a plea, rather than as a result of ignoring a statutory mandate for imposing sentence, the plea was merely voidable and not void. *See Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15 (claim that plea was not entered knowingly, voluntarily, and intelligently constituted an error in the exercise of jurisdiction rather than an action taken without jurisdiction so the plea was voidable rather than void; the fact that the plea was vacated on appeal does not mean it never existed). *See also Fischer* at paragraph three of the syllabus ("[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt").

**{¶18}** Gannon was represented by counsel during the plea hearing and at sentencing in the underlying criminal case and on direct appeal from that sentence. He

could have raised the issue of the validity of his guilty plea based on the trial court's post-release control notification at the plea hearing during the original trial court proceeding or on appeal, but did not.  In fact, Gannon did raise an issue concerning the validity of his guilty plea (based on the ineffective assistance of his trial counsel) in his appeal, and we rejected it.  *Gannon*, 2015-Ohio-1573, at ¶ 3, 17-33.

**{¶19}**  Because the plea was voidable, the law-of-the-case component of res judicata is applicable. In other words, the voidness doctrine discussed in *Fischer, supra,* is limited to statutory sentencing errors and does not apply to the improper application of court rules occurring in other stages of the proceedings like plea hearings.

**{¶20}**  Similarly, courts have consistently held that res judicata bars criminal defendants' claims that they should be entitled to withdraw their guilty pleas because they did not know they would be subject to mandatory post-release control.  *See State v. Dority*, 6th Dist. Erie No. E-13-018, 2013-Ohio-5068, ¶ 6, citing *State v. Madrigal*, 6th Dist. Lucas Nos. L-10-1142 and L-10-1143, 2011-Ohio-798, ¶ 16 ("It is well established * * * that claims submitted in support of a Crim.R. 32.1 motion to withdraw plea that could have been raised on direct appeal, but were not raised on direct appeal, are barred by res judicata").

**{¶21}**  Because in his direct appeal Gannon could have contested the trial court's failure to properly notify him about post-release control at the change-of-plea hearing but did not, res judicata barred him from using his motion for resentencing to raise that claim.

**{¶22}**  Consequently we overrule Gannon's second assignment of error.

### B. Failure to Notify Defendant of Post-release Control
### at Sentencing

1.  Standard of Review & Law

**{¶23}**  In his first assignment of error Gannon asserts that the trial court erred by failing to notify him at his sentencing hearing that his sentence included the mandatory three-year term of post-release control that the court incorporated to its sentencing entry.  Gannon did not raise this issue in his motion for resentencing so we review his claim under the plain-error doctrine.  *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed.1461 (1938) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' * * *.  Mere forfeiture, as opposed to waiver, does not extinguish an 'error' ").

**{¶24}**  To prevail on a claim of plain error Gannon must show that an error occurred, that the error was plain, and that but for the error, the outcome of the trial clearly would have been otherwise.  *State v. Mammone*, 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 69; *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 24.

**{¶25}**  Gannon was convicted of four counts of trafficking in drugs, which consisted of one second-degree felony and three third-degree felonies.  Under R.C. 2967.28(F)(4)(c), "[i]f an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court.  Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."  *See Durain v. Sheldon*, 122 Ohio St.3d 442, 2009-Ohio-

4082, 913 N.E.2d 442, ¶ 1; *see also State v. Deskins*, 9th Dist. Lorain No. 10CA009875, 2011-Ohio-2605, ¶ 22, quoting *State v. Maag*, 3d Dist. Hancock No. 5-08-35, 2009-Ohio-90, ¶ 18 (R.C. 2967.28 "does not permit a trial court to order a term of post-release control for each separate felony conviction; only '[o]ne term of post-release control for multiple convictions is proper' "). The appropriate post-release-control term for Gannon's multiple convictions was the mandatory period of three years associated with his second-degree felony conviction. R.C. 2967.28(B)(2).

{¶26} "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post-release control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus, construing R.C. 2929.19(B)(3)(c).

### 2. Analysis

{¶27} The trial court did not notify Gannon at his sentencing hearing that part of his sentence included a mandatory three-year term of post-release control. In fact, the trial court did not mention post-release control at all at the sentencing hearing.

{¶28} The state argues that the trial court complied with its duties under the pertinent statutory provision by commenting about post-release control at Gannon's earlier plea hearing. In *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), at paragraph two of the syllabus, the Supreme Court of Ohio initially held that "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing *or at the time of a plea hearing* that post-release control is part of the defendant's sentence." (Emphasis added.)

**{¶29}** But in *Jordan*, the Supreme Court later held that R.C. 2929.19(B)(3)(c) required that the court to provide the notification *at sentencing*. *Jordan* is controlling on this issue so that the trial court must notify the defendant of post-release control at sentencing. *See State v. Harris*, 160 Ohio App.3d 851, 2005-Ohio-2503, 828 N.E.2d 1086, ¶ 17 (3d Dist.); *State v. Blondo*, 11th Dist. Portage No. 2008-P-0028, 2008-Ohio-6560, ¶ 22 ("any discussion or perceived holding relating to the procedural nuances of the notification process for post-release control in *Woods* was superseded by the precise holding in *Jordan*"). Moreover, the trial court's notice at the plea hearing erroneously advised Gannon that the post-release period was discretionary rather than mandatory. Consequently, we reject the state's claim that the trial court's notification of post-release control at the plea hearing complied with R.C. 2929.19(B)(3)(c).

**{¶30}** The trial court committed plain error by failing to notify Gannon of his mandatory three-year term of post-release control at his sentencing hearing. Furthermore, but for the error, the outcome of that proceeding would have clearly been otherwise because the portion of the trial court sentence imposing post-release control was void. *See generally* Katz, Martin, Lipton, Giannelli, and Crocker, *Baldwin's Ohio Practice Criminal Law*, Section 120:5 (3d Ed.2015) ("If a trial court fails to notify the defendant of post-release control, that part of defendant's sentence is void, and the new sentencing hearing is limited to the imposition of post-release control"); *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph two of the syllabus ("The new sentencing hearing * * * is limited to proper imposition of post-release control"); R.C. 2929.191(C) ("On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of

this section shall not issue the correction until after the court has conducted a hearing in accordance with this division").

**{¶31}** Although we need not consider plain error when—as here—the appellant does not even raise it, *see Gavin*, 2015-Ohio-2996, at ¶ 25, we exercise our discretion to consider it in this case because the plain error challenges a void sanction, which is not barred by res judicata. *Fischer* at paragraph one of the syllabus ("A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack").

**{¶32}** Because the trial court committed plain error by not providing the proper notification of Gannon's mandatory three-year term of post-release control, we sustain his first assignment of error.

## IV. CONCLUSION

**{¶33}** The trial court's imposition of post-release control was improper, and it thereby erred in denying Gannon's motion for resentencing. Having sustained his first assignment of error, we reverse the judgment of the trial court and remand the cause for a new hearing limited to the proper imposition of post-release control.

JUDGMENT REVERSED AND
CAUSE REMANDED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, A.J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**