[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Yanega v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-5208.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5208

YANEGA, APPELLEE, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Yanega v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-5208.]

*Taxation—Jurisdiction to review a decision of the Board of Tax Appeals is dependent on the notice of appeal that is filed—Court lacks jurisdiction to consider errors not assigned in the notice of appeal—Board of Tax Appeals erred in reducing value on ground that it was applying a countywide blanket reduction—No evidence was presented showing that reduction was applied countywide.*

(No. 2017-1352—Submitted September 11, 2018—Decided December 27, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-1585.

_____

**DEWINE, J.**

{¶ 1} The Cuyahoga County Board of Revision ("BOR") and the Cuyahoga County fiscal officer (collectively, "the county") appeal from a decision of the Board of Tax Appeals ("BTA") that reduced the taxable value of a piece of property for tax year 2015. The BTA performed a two-stage reduction: it reduced the taxable value from $66,000 to $48,000 and then imposed an additional 10 percent reduction to arrive at a value of $43,210. The notice of appeal filed by the county did not challenge the initial reduction to $48,000; thus, we lack jurisdiction to consider the challenge to that reduction that the county seeks to advance in its briefing. The notice of appeal did challenge the additional 10 percent reduction, and we conclude that challenge has merit. Thus, we affirm the decision of the BTA in part and we reverse in part.

### Background

{¶ 2} This appeal involves a .14-acre residential property owned by Robert Yanega. At issue is the valuation of the property for tax year 2015. For the prior tax year—the 2014 tax year—Yanega had filed a complaint with the BOR, challenging the valuation of the property. On December 3, 2015, the BOR reduced the property's value for tax year 2014 from $78,200 to $48,000.

{¶ 3} The tax year at issue in this case, 2015, was an update year in the county. For that tax year, the fiscal officer valued the property at $70,400—a figure that reflected a 10 percent reduction from the original $78,200 value assessed by the fiscal officer for 2014. Yanega filed a complaint seeking a reduction of the 2015 value. He asked that the BOR value the property at either $48,000 (the redetermined amount for the 2014 tax year) or $15,000 (the amount of a 2013 sale of the property). The BOR reduced the value to $66,000 for 2015, and Yanega appealed to the BTA.

{¶ 4} At the BTA, the parties waived their appearance at the hearing, but Yanega filed a brief asking for an additional 10 percent downward adjustment to

2

the 2014 tax value of $48,000. Yanega argued that because the fiscal officer had reduced the 2014 tax valuation of $78,200 by 10 percent to reach a 2015 valuation of $70,400, a "10 percent update factor" should be applied to the tax value of $48,000 that he sought for 2015. The county did not respond to Yanega's brief.

{¶ 5} The BTA adopted Yanega's arguments and valued the property at $43,210 for 2015. BTA No. 2016-1585, 2017 WL 3866907, *3 (Aug. 24, 2017). The BTA's value was derived by carrying over the 2014 redetermined value of the property to 2015 and then applying a 10 percent reduction. Although the BTA was not explicit in its rationale for carrying over the 2014 value to 2015, it did note that Yanega had cited R.C. 5715.19. R.C. 5715.19 contains the continuing-complaint provision, which provides that "[l]iability for taxes * * * for such year and each succeeding year until the complaint is finally determined * * * shall be based upon the determination, valuation, or assessment as finally determined." Presumably, the BTA found the provision to be applicable because the 2014 complaint was not determined until December 3, 2015. In ordering the 10 percent reduction from the redetermined 2014 value, the BTA concluded that when an auditor has performed a countywide update, the "update percentage" should be applied to a redetermined value that is being carried over from a prior year. BTA No. 2016-1585, 2017 WL 3866907, at *2. As evidentiary basis for the calculation of the 10 percent reduction, the BTA cited the 2014 initial valuation of the property and compared that number to the fiscal officer's valuation for 2015. *Id.*

{¶ 6} The county filed a motion for reconsideration challenging the 10 percent reduction. It argued that there was no evidence in the record to support a blanket 10 percent reduction and that the sole bases for the 10 percent reduction were statements made in Yanega's brief. The BTA denied the motion. The county filed a notice of appeal to this court.

**Filings in this court**

{¶ 7} The county's notice of appeal sets forth three errors, all largely repetitive of each other and all relating to the evidentiary basis for the BTA's 10 percent reduction of the property value. First, the county argues that there was no evidence in the record to support the 10 percent reduction. Next, the county argues that the BTA must limit its consideration to the transcript certified by the BOR and evidence submitted during BTA hearings. It contends that because the parties waived their appearances at the hearing and nothing in the transcript supported the BTA's 10 percent reduction, that reduction was unlawful. Finally, the county challenges the reduction because "the BTA cannot manufacture evidence from documents, that were not objected to because no hearing was held."

{¶ 8} In its reply brief, the county for the first time argues that the BTA erred by carrying over the 2014 value to 2015 under R.C. 5715.19(D) because Yanega filed a fresh complaint for the 2015 tax year.

**Analysis**

{¶ 9} We have long held that "the carryover from the filing of a prior complaint is not applicable to the tax year and succeeding years for which a valid new complaint is filed and determined by a board of revision." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 74 Ohio St.3d 639, 642, 660 N.E.2d 1179 (1996). The county relies upon this principle in arguing in its reply brief that the BTA erred by carrying the 2014 value over to the 2015 tax year.

{¶ 10} But our jurisdiction to review a decision of the BTA is dependent upon the notice of appeal that is filed. R.C. 5717.04 provides that an appellant's notice of appeal "shall set forth the decision of the board appealed from and the errors therein complained of." We have held that compliance with this provision is a jurisdictional requirement: "Thus, errors not specified may not be asserted as a basis for relief in the brief to the court because the lack of specification deprives the court of jurisdiction to grant relief on that basis." *Sears, Roebuck & Co. v.*

*Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 421, 2015-Ohio-4522, 44 N.E.3d 274, ¶ 11. This is because there is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute. *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894 (2001). And "[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 70 N.E.2d 93 (1946), paragraph one of the syllabus.

{¶ 11} We have enforced this requirement and have consistently held that we lack jurisdiction to consider errors not assigned in a notice of appeal. *See, e.g.*, *Apple Group Ltd. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 434, 2014-Ohio-2381, 12 N.E.3d 1188, ¶ 13; *HK New Plan Exchange Property Owner II, L.L.C. v. Hamilton Cty. Bd. of Revision*, 122 Ohio St.3d 438, 2009-Ohio-3546, 912 N.E.2d 95, ¶ 24; *Newman v. Levin*, 120 Ohio St.3d 127, 2008-Ohio-5202, 896 N.E.2d 995, ¶ 28; *Norandex, Inc. v. Limbach*, 69 Ohio St.3d 26, 31, 630 N.E. 329 (1994), fn. 1. Because the county failed to properly raise the carryover issue in its notice of appeal, we lack jurisdiction to consider that issue.

{¶ 12} That leaves the county's challenge to the additional 10 percent reduction of the property's value. In applying the 10 percent reduction, the BTA relied on *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 87 Ohio St.3d 305, 720 N.E.2d 517 (1999) ("*Inner City*"). But on this record, *Inner City* provides no support for applying a 10 percent reduction to the redetermined value for tax year 2014.

{¶ 13} In *Inner City*, the property owner successfully obtained a property value reduction for tax year 1993 that also applied for 1994 and 1995. For tax year 1996, the auditor applied a 5 percent increase to properties throughout the county. Instead of applying this countywide update percentage increase to the property's redetermined value for 1993, however, the county applied it to the property's

original value for 1993. Inner City challenged the auditor's valuation for tax year 1996 before the BOR. The BOR corrected the mistake by applying the countywide 5 percent update percentage to the property's redetermined value. *Id.* at 306. The BTA vacated the BOR's valuation, but we reinstated it on appeal, finding that the BOR had jurisdiction to order the change to value. *Id.* at 308.

{¶ 14} The BTA treated *Inner City* as supporting its application of the update percentage to Yanega's property value. But there is nothing in this record showing that the 10 percent decrease that the auditor applied to Yanega's property was applied to other properties in the county on a uniform basis. In *Inner City*, the BOR adjusted the property value based on a record that reflected that the update was countywide. Here, Yanega provided the BOR and the BTA with no evidence demonstrating that the 10 percent reduction was applied countywide or that it was based on any type of an across-the-board reduction in property values. In fact, in his notice of appeal to the BTA, Yanega indicated that his opinion of the property's value was $48,000—i.e., the redetermined 2014 value, without an additional 10 percent decrease—and that he was requesting a hearing. If Yanega wished to demonstrate that a value other than $48,000 was appropriate, he could have attended the hearing he requested and sought to supplement the record.

{¶ 15} Instead, he relied on a transcript that lacked any evidence showing a basis for the auditor's 10 percent reduction. He also waived appearance at the hearing. Because the record provided no basis for concluding that the auditor's 10 percent adjustment of the original 2014 value should have been applied to the reduced 2014 value, the BTA's reduction was made in error.

**Conclusion**

{¶ 16} The county failed to set forth the carryover issue in its notice of appeal; thus, we lack jurisdiction to consider that issue. But because the record provided no basis for the BTA to apply an additional 10 percent reduction to

Yanega's property value as redetermined for tax year 2014, we reverse the BTA's reduction, and order that the value be modified to $48,000.

Decision affirmed in part<br>and reversed in part.

KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

O'DONNELL, J., dissents, with an opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 17} Respectfully, I dissent.

{¶ 18} I would reverse the decision of the Board of Tax Appeals. Robert Yanega filed a separate complaint for tax year 2015, and therefore the carryover provision in R.C. 5715.19(D) is inapplicable. Plain error directs that this erroneous application of the carryover provision be reversed. Hence, the 10 percent reduction was not justified, and I would therefore reverse the decision of the Board of Tax Appeals.

_____

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellee.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellants.

_____